## MORGAN and others v. EGGERS.

*(Circuit Court, D. Indiana.    June 24, 1884.)*

1. **EJECTMENT—FINDING AND JUDGMENT AS TO PART OF PREMISES.**
    In an action of ejectment tried by the court, the finding and judgment may be given (in one sentence) for the plaintiff for a *part* of the premises described in the complaint, and such finding will not be construed to be an unqualified finding for the plaintiff in respect to the entire premises.
2. **SAME—USE OF THE WORD "FENCE."**
    It is competent for the court, under the issue in ejectment, to find to what extent the defendant is guilty, and if, under the evidence, it appears that a fence has become the boundary of the unlawful occupation, it is proper that such fact should be mentioned in the finding and judgment of the court.

Motion to Amend Judgment.

*U. J. Hammond,* for plaintiff.

*A. C. Harris,* for defendant.

WOODS, J.    Morgan and Smith sued Eggers in ejectment for the recovery of real estate, described as follows:    All of the north part of lot 2, in section 36, etc., which lies west of the track of the Lake Shore & Michigan Southern Railroad, and north of a line parallel with the north line of said lot 2, and 753 feet south therefrom.    The defendant answered by a general denial; and, upon the issue so joined, a jury being waived and trial had by the court, a finding and judgment of the tenor following were entered:

"Come the parties, and, by agreement, this cause is submitted to the court for trial; and the court, having heard the evidence, and being fully advised, finds for the plaintiff, and orders and adjudges that they are entitled to, and shall have and recover of defendant, the possession of so much of said lot two (2) as lies south of the south line of lot one, (1,) as indicated by a fence constructed and maintained by the defendant as and on on said south line," etc.

The plaintiffs now insist that there is an unqualified general finding for the plaintiff, and that in conformity with this the judgment should have been for the recovery of the land as described in the complaint, and that so much of the description set forth in the judgment as refers to the fence constructed by the defendant should be expunged.    It was competent for the court, under the issue, to find to what extent the defendant was guilty, or had held unlawful possession of the premises described, and if, under the evidence, it appeared that a fence had become or was the boundary of such occupation, it was proper that the fact should be stated in the finding and judgment of the court.    The finding and judgment in this instance are not separate and distinct, as perhaps it would have been better to have had them.    The meaning however is clear.    It is as if the entry read in this way: "And the court having heard the evidence, etc., finds and orders and adjudges that the plaintiffs are entitled to and shall have and recover of the defendant," etc.

The motion for correction is therefore overruled.